**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L. Mason,<br><br>  Plaintiff,<br><br>v.<br><br>Southwestern Medical Centers-Arizona, Inc.,<br><br>  Defendant. | No. CV-13-8018-PCT-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the court is Defendant's motion to dismiss this action with prejudice. (Doc. 25.) The Court makes the following ruling.

## BACKGROUND

Plaintiff originally filed her complaint on August 28, 2012 in the Superior Court of Arizona, Yavapai County. The case was then removed to this Court. (Doc. 1.) Subsequently, counsel for Plaintiff moved to withdraw, which was granted. (Docs. 10, 13.) A case management order was issued setting discovery deadlines. (Doc. 17.) Plaintiff has not complied with the particular deadlines contained therein. Plaintiff also has not followed this Court's order to provide preliminary expert opinion affidavit. Further, Plaintiff has not complied with any of Defendant's discovery requests. (Doc. 25 at 2.) She has failed to respond to interrogatories as well as attend her own deposition. (Doc. 25 at 2.)

Pursuant to these facts, Defendant has asked that this case be dismissed for Plaintiff's failure to prosecute this case and it be awarded its relevant costs. (Doc. 25 at 5.)

**STANDARD OF REVIEW**

Under FED. R. CIV. P. 37(b)(2)(A) a federal court has the authority to impose sanctions, including dismissal, when a party fails to obey a discovery order. Id. Further, under Rule 41(b), "if the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Such a dismissal is deemed an adjudication on the merits. Id. Public policy disfavors dismissal, preferring the disposition of a case on its merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). A court is encouraged to explore other sanctions listed in Rule 37(b)(2)(A) as opposed to dismissal, however, it need not exhaust all sanctions prior to dismissing a case. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). In addition, under L.R.Civ. 37.1(b), a party need not first motion a court for a discovery order prior to moving for dismissal. Id. In the event that a case is dismissed for failure to obey a discovery order, under Rule 37(b)(2)(C), "the court must order the disobedient party... to pay the reasonable expenses, including attorney's fees, caused by the failure." Id.

**DISCUSSION**

This Court understands that public policy prefers adjudication of a case based on its merits, however, Plaintiff appears to have abandoned her case. She has failed to comply with court orders to amend her pleading and also provide an expert opinion affidavit. (Doc. 25 at 2.) This Court also warned Plaintiff that if she did not comply with these orders, that her case may be subject to dismissal. Failure to heed that warning further supports dismissal. See Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991). She also failed to attend her own deposition, and, through the fruitless efforts of Defendant, cannot even be located. Taken together, this all warrants dismissal. Therefore, this Court will dismiss this case and order Plaintiff to pay Defendant's related costs, per Rule 37(b)(2)(C).

**CONCLUSION**

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED** granting Defendant's motion to dismiss (Doc. 25) this

1 case **with prejudice**, and the Clerk of the Court is instructed to enter judgment accordingly.

2 **IT IS FURTHER ORDERED** granting Defendant's request for related costs
3 pursuant to Rule 37(b)(2)(C).

4 **IT IS FURTHER ORDERED** denying as moot, Defendant's motion for expedited
5 ruling on its motion to dismiss and motion to stay discovery deadlines. (Doc. 27.)

6 DATED this 21st day of June, 2013.

*[signature]*
Stephen M. McNamee
Senior United States District Judge